UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. LEON,<br><br>        Petitioner,<br><br>    v.<br><br>STATE OF CALFORNIA,<br><br>        Respondent. | Case No. 22-cv-04764-VC<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION**<br><br>Re: Dkt. No. 4 |

Joseph R. Leon, a pretrial detainee, has filed a petition for a writ of habeas corpus challenging his conditions of supervised release. Dkt. No. 1. The respondent has filed a motion to dismiss, arguing that the petition is moot. Dkt. No. 4. Leon has not filed a response. The motion to dismiss is granted.

In November 2020, the Santa Clara County District Attorney filed an information against Leon charging him with, among other things, rape, oral copulation, and sexual penetration by force. Dkt. No. 4 at 6-8. In an earlier case, this court conditionally granted habeas relief to Leon on a section 2241 petition based on a claim of excessive bail and ordered the state superior court to provide Leon with a constitutionally adequate bail hearing. *See Leon v. People of the State*, No. 21-CV-03720- VC (PR), Dkt. No. 31 (N.D. Cal. Mar. 25, 2022). The state court then conducted a bail reduction hearing, reduced Leon's bail to $50,000, and ordered Leon's release subject to various conditions. *Id*., Dkt. Nos. 34-1 & 34-2. Subsequently, the state court limited Leon's ability to leave his home: "[Leon] can only leave home for medical/legal appointments[,] all other requests need to be made to the court." Dkt. No. 4 at 15.

Leon then filed this 2241 petition, arguing, among other claims, that his conditions of

release (which he alleged required home detention and prevented him from working or taking his children to school), amounted to cruel and unusual punishment. Dkt. No. 1. This court dismissed all claims in the petition other than his claim of cruel and unusual punishment, requiring the state to respond to that claim. Dkt. No. 3.

It appears from the respondent's filings that before this Court required the state to respond, the state court modified Leon's conditions of release, eliminating his home detention. *See* Dkt. No. 4 at 24, 31, 36. It also appears that other than Leon being subject to GPS monitoring, there are no limits on his ability to move freely, which would presumably include his ability to work and take his kids to school. Because Leon is no longer subject to home detention, the basis of his only remaining claim in the petition, the petition is dismissed as moot.

The clerk shall terminate docket number 4 and close the case.

**IT IS SO ORDERED.**

Dated:  December 20, 2022

_____
VINCE CHHABRIA
United States District Judge